John W. McGuire, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 17,430.

1. APPEALS AND ERRORS—*when remark of counsel is reversible error.* In a personal injury action where counsel for plaintiff called as a witness, one who testified he was formerly employed by defendant as a conductor, and was on the street car ·upon the occasion that plaintiff was injured, and counsel then remarked, "I don't care to offer this gentleman as my witness, but I simply want to show the court that he is here in the court room and I will be glad to have the court or the jury ask him any questions they want," such conduct and language is reversible error.

2. STREET RAILROADS—*question for jury.* Evidence as to negligence and absence of contributory negligence *held* to present question for jury in action growing out of collision between street car and wagon.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed April 30, 1913. Rehearing denied May 17, 1913.

JOHN E. KEHOE and C. LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

GUERIN, GALLAGHER & BARRETT and JOHN R. HARRINGTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action on the case by appellee against appellant to recover damages for personal injuries, a third trial in the Circuit Court resulted in a verdict and judgment against appellant for $8,000, and this appeal is prosecuted to reverse such judgment.

On the night of April 12, 1909, as appellee was driving a team of horses hitched to an open wagon and going east on 47th street, an east-bound electric car then being operated on said street collided with said

wagon and thereby occasioned the injuries complained of.

The declaration charges negligence generally in the operation of the car; negligence in failing to give warning of the approach of the car; negligence in driving the car at a high and excessive rate of speed; negligence in employing and retaining an unskillful and incompetent servant, who was then and there operating the car; and negligence in failing to equip the car with proper and sufficient brakes and controller.

On the day in question appellee and one O'Neill, who drove another wagon, left Chicago for Downer's Grove for the purpose of hauling some furniture. After loading the furniture on the wagons they left Downer's Grove for Chicago about six o'clock in the evening. When they arrived at Willow Springs it was dark and raining. They continued on their journey until they arrived at Western Avenue, where they went into a saloon and had some beer and lunch. They then drove on Archer avenue to 35th street, thence east to Ashland avenue, then south to 47th street, thence east to a point near Morgan street, where the collision occurred. There is evidence tending to show that when they arrived at Western avenue, O'Neill procured a lantern and lighted it and placed it on the rear of the wagon driven by appellee; that as appellee, who was driving behind O'Neill, turned into 47th street, he looked west to see if a car was approaching and saw none; that he then drove east in the east-bound car tracks and looked back twice before reaching Morgan street, but saw no car approaching; that when he reached Morgan street he looked back again and saw a car approaching rapidly a distance of 150 or 200 feet away; that he immediately attempted to turn into the west-bound track for the purpose of permitting the car to pass, but was unable to do so in time to avoid the collision; that no gong was sounded on the car as it approached Morgan street.

In this state of the evidence bearing upon the ques-

tion whether or not appellee, at and before the collision, was in the exercise of due care for his own safety, the giving of the peremptory instruction tendered by appellant would have clearly usurped the function of the jury.

It is not seriously urged that the evidence bearing upon the question of the alleged negligent operation of the car, did not justify the submission of that issue to the jury.

Madden, the regular motorman of the car, and who was discharged immediately following the collision, was a witness for appellee. He testified, in substance, that at or near Western avenue, Jacobs, the conductor, undertook to operate the car and was operating it when the collision became imminent; that Jacobs was then sitting on the stool with his back to the east (the direction in which the car was going), and he (Madden) was standing beside the stool talking to Jacobs, and doing nothing to keep a look out; that he did not see the wagon until the car was about 15 feet from it, and that the wheels of the wagon were then right in the tracks ahead of the car.

Jacobs, the conductor, was discharged by appellant about ten months after the collision and was not called by appellant as a witness.

Appellee called Jacobs as a witness in rebuttal, and he testified that he was then employed as an insurance agent; that he was formerly employed by appellant as a conductor on its 47th street line and was on the car upon the occasion that appellee was injured. Counsel for appellee then inquired of the witness whether he was called as a witness by appellant on the first trial of the case, and to this inquiry an objection was interposed and sustained.

Counsel for appellee then stated in the presence and hearing of the jury: "I don't care to offer this gentleman as my witness, but I simply want to show the court that he is here in the court room, and I will be glad to have the court or the jury ask him any questions

they want?'' Upon objection by counsel for appellant to such statement, the court remarked: "Let it stand for what it is worth.''

As staged and performed by counsel for appellee this was pure equine diversion, which merited sharp rebuke by the court rather than tacit acquiescence. It may be doubtful, however, whether any action by the court, short of a continuance of the cause, could be held to have palliated the prejudicial effect of counsel's conduct and language upon appellant's case. There is nothing in the record to suggest that counsel for appellee was prompted to the indulgence of such conduct and speech by anything that was said or done by or on behalf of appellant. It was wholly without reason or excuse and can only be adequately compensated for by suffering a reversal of the judgment predicated upon the verdict of a jury who were undoubtedly improperly influenced thereby.

The closing argument of counsel for appellee to the jury is replete with intemperate appeal and with impertinent, improper and prejudicial statements. The reasonable limits of an opinion forbids a consideration of such an extended argument in detail.

The case should be tried solely upon its merits and upon the competent evidence in the record.

There is no prejudicial error in the rulings on instructions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*